1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  TIFFANY MARIE BEGGS,                    Case No.  1:21-cv-01579-HBK

12                 Plaintiff,               ORDER GRANTING MOTION FOR
                                            ATTORNEY'S FEES PURSUANT TO 42
13      v.                                  U.S.C. § 406(b)[1]

14  COMMISSIONER OF SOCIAL                  (Doc. No. 20)
    SECURITY,
15                                          ORDER FOR CLERK TO MAIL A COPY OF
                 Defendant.                 ORDER TO PLAINTIFF
16

17

18          Stuart T. Barasch, Esq. ("Counsel") of the Olisnky Law Group, attorney for Tiffany Marie

19  Beggs ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on

20  January 17, 2025.  (Doc. No. 20 "Motion").  An exact copy of the Motion was sent to Plaintiff via

21  certified mail on the same date.  (Doc. No. 20-7).  No opposition has been filed as of the date of

22  this Order.  (*See* docket).  For the reasons set forth below, the motion for attorney's fees is

23  granted in the amount of $49,504.50[2] subject to an offset of $6,755.21 in fees previously awarded

24  on January 4, 2023, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc.

25  _____

26  [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
    §636(c)(1).  (Doc. No. 12).
27  [2] As noted in Counsel's Motion, 25% percent of the cumulative past-due benefits is $56,704.50. (Doc. No.
    20-1 at 3). However, the total requested fee here accounts for the previously awarded § 406(a) fees in the
28  amount of $7,200.00 for administrative work done before the agency, reducing the requested § 406(b) fees
    to $49,504.50.  (*Id.*).

1 No. 19).

## I. BACKGROUND

On October 25, 2021, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 2). September 14, 2022, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 14, 15). The Court entered an award of $6,755.21 for attorney fees under the Equal Access to Justice Act ("EAJA") on January 4, 2023. (Doc. Nos. 17, 19).

On remand, the Commissioner found Plaintiff disabled beginning in November 2018. (Doc. No. 20-3 at 1). Plaintiff was awarded $153,097.00 in retroactive benefits. (*Id*. at 3). In addition, Plaintiff's child E.M. was awarded $15,860.00 in retroactive benefits; Plaintiff's child T.M. was awarded $7,611.00 in retroactive benefits; Plaintiff's child A.B. was awarded $25,125.00 in retroactive benefits; and Plaintiff's child M.B. was awarded $25,125.00 in retroactive benefits.[3] (*Id*. at 8-21). The total combined retroactive award was $226,818.00. On January 17, 2025, Counsel filed this motion for attorney's fees in the amount of $49,504.50 with an offset of $6,755.21 for EAJA fees already awarded. (Doc. No. 20). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits, and the requested amount is reasonable. (Doc. No. 20 at 2-3). Defendant filed a response to Plaintiff's motion indicating they would neither support nor oppose Counsel's request for attorney fees pursuant to 24 U.S.C. § 406(b). (Doc. No. 22).

## II. APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of

---

[3] The Court notes the total past-due award amounts for Plaintiff and each of her children were not included in the Notice of Award; rather, Plaintiff calculated the amount by multiplying 25% of the past due benefits amount by four. (*See generally* Doc. No. 20-3).

the total of the past-due benefits to which the claimant is entitled….

42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42

U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however,

must refund to the plaintiff the amount of the smaller fee.  *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are

payable from past-due benefits awarded to the claimant."  *Biggerstaff v. Saul*, 840 F. App'x 69, 70

(9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142,

1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing

successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht,* 535 U.S. at

805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees,

Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.

Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.

In determining reasonableness, the court may consider the experience of the attorney, the results

they achieved, and whether there is evidence the attorney artificially increased the hours worked

or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Generally, any 406(b)

award is offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin*.,

698 F.3d 1215, 1219 (9th Cir. 2012)

### III.  ANALYSIS

Here, Plaintiff signed a fee agreement agreeing to pay Counsel 25% of past due benefits

awarded to Plaintiff.  (Doc. No. 20-2).  Counsel was ultimately successful in securing

$226,818.00 in retroactive benefits for Plaintiff and her children.  (Doc. No. 20-3).  In support of

this motion, Counsel submitted a time sheet indicating the firm expended 31.9 hours in combined

attorney and paralegal time on this matter.  (Doc. No. 20-1 at 3; Doc. No. 20-4).  The time

Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $49,504.50 in fees for 31.9 hours of work results in an hourly rate of

$1,551.87 for the combined attorney and paralegal work.  (Doc. No. 20-1 at 3).  Considering the

effective rate of both attorney and paralegal hours in cases involving social security contingency

fee arrangements this rate appears consistent with those approved by Ninth Circuit courts.

1    *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion

2    found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton,

3    concurring in part and dissenting in part); *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-

4    SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020) (approving hours rate of $1,025.22 for

5    paralegal and attorney time); *Biggerstaff v. Saul*, 840 Fed. App'x 69, 71 (9th Cir. 2020)

6    (affirming $1,400.00 per hour for combined attorney and paralegal work).  Based on the

7    foregoing, the Court finds the requested fees of $49,504.50 are reasonable.  *Gisbrecht,* 535 U.S.

8    at 807-08.

9            An award of attorney's fees pursuant to 406(b) in the amount of $49,504.50 is, therefore,

10   appropriate.  An award of § 406(b) fees, however, must be offset by any prior award of attorneys'

11   fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  As Plaintiff was

12   previously awarded $6,755.21 in fees pursuant to the EAJA, Counsel shall refund this amount to

13   Plaintiff.

14           Accordingly, it is **ORDERED**:

15       1.  Plaintiff's Counsel's motion for an award of attorney's fees under § 406(b) (Doc. No.

16           20) is GRANTED.

17       2.  Plaintiff's Counsel is awarded $49,504.50 in attorney fees pursuant to 42 U.S.C. §

18           406(b).

19       3.  Counsel shall refund to Plaintiff $6,755.21 of the § 406(b) fees awarded as an offset

20           for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

21       4.  The Clerk of the Court is respectfully directed to serve a copy of this Order on

22           Plaintiff Tiffany Marie Beggs, 1241 South Mountain Street, Visalia, CA, 93277.

23

24   Dated:    February 6, 2025

25                                                    HELENA M. BARCH-KUCHTA
                                                      UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                    4